**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEDRO V. YBARRA,<br>MARY I. YBARRA,<br><br>          Plaintiffs,<br><br>     vs.<br><br>JOHN BEAN TECHNOLOGIES<br>CORPORATION,<br><br>          Defendant.<br>_____/ | CASE NO. CV-F-11-0288 LJO SMS<br><br>ORDER ON DEFENDANT'S MOTION TO<br>DISMISS PURSUANT TO RULE 12(b)(6) |

By motion filed on March 28, 2011, Defendant John Bean Technologies Corporation ("JBTC") moves to dismiss plaintiffs' first amended complaint pursuant to Fed.R. Civ.P. 12(b)(b). Plaintiffs Pedro V. Ybarra and Mary I. Ybarra filed an opposition to the motion on April 4, 2011. Defendant filed a reply on April 12, 2011. Pursuant to Local Rule 230(g), these motions are submitted on the pleadings without oral argument. Therefore, the hearing set for May 5, 2011 is VACATED. Having considered the moving, opposition and reply papers, as well as the Court's file, the Court issues the following order.

**FACTUAL BACKGROUND**

**A.     Factual Overview**

Plaintiff Pedro Ybarra was working at JBTC's Food Tech facility in Madera, California. Mr. Ybarra alleges that while he was testing and inspecting a transfer valve on a JBTC cooker, he suffered injuries that led to the partial amputation of his right index finger. He attributes his injury to JBTC's negligence. (Doc. 13, First Amended Complaint ("FAC") ¶ 11-12.) Mary Ybarra is Pedro Ybarra's wife and alleges loss of consortium.

The FAC alleges that Mr. Ybarra was employed by Placement Pros, a temporary employment

agency, and was placed at the JBTC facility, as an independent contractor at the time of his injury.

**B.     Overview of the Parties' Positions in this Motion**

JBTC notes that the original complaint alleged Mr. Ybarra was a "temporary employee." JBTC argues that as an employee, Mr. Ybarra is barred by the exclusive provisions of the Workers Compensation Act for recovery for his injuries.  Mr. Ybarra filed the FAC which now alleges that he was an "independent contractor" for defendant.  JBTC argues that this new allegation is "form over substance."  JBTC argues that the FAC alleges that JBTC "managed," "controlled," and "supervised" "its operation of testing and/or inspecting for loose bolts on a transfer valve of a commercial cooker." JBTC argues that plaintiff's allegations fall squarely with the broad definition of "employment" because Mr. Ybarra, was under the supervision and control of JBTC.  JBTC had the right to control the workers' activities, which is the hallmark of an "employment" relationship and not an "independent contractor" relationship.

Plaintiffs argue that Mr. Ybarra was an independent contractor, rather than a temporary employee, at the time of his injury-causing accident.  Plaintiffs argue that defendant is making a factual distinction which is inappropriate for the motion to dismiss.  Plaintiff submits he was not, in fact, JBTC's employee, but instead was an employee of Placement Pros, who was assigned to work temporarily for JBTC. He was not JBTC's employee. Mr. Ybarra argues he has amended the complaint to clarify that he was an independent contractor, rather than a "temporary employee" at JBTC.  Plaintiff cites to language of the contract between JBTC and Placement Pros to show that plaintiff was an independent contractor.

> "Supplier [Placement Pros] agrees that its status is solely that of an independent contractor and not an employee or agent of JBT. Both parties agree that all Supplier placements performing Services pursuant to this Agreement are employees of the Supplier and not employees of JBT."

Paragraph 8(B)(I) similarly states, "Supplier shall, at its expense ... Act as an independent contractor and not present itself as an agent of JBT." Plaintiff argues that this motion cannot determine the factual issue of whether plaintiff was an employee.

/////

/////

**ANALYSIS AND DISCUSSION**

**A.  Standard for Motion to Dismiss**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008); *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). A claim has facial plausibility,"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937 (2009).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.  Employee or Independent Contractor Status**

The determination of employee or independent-contractor status is one of fact if it is dependent upon the resolution of disputed evidence or inferences.  *S. G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341, 349 (1989).  The principal question is "whether the person to whom service is rendered has the right to control the manner and means of accomplishing the result desired." *S.G. Borello*,  48 Cal.3d at 350.  In addition to the factor of the right to control, other factors that are considered to determine the employment relationship include:

> (1) whether the worker is engaged in a distinct occupation or business, (2) whether, considering the kind of occupation and locality, the work is usually done under the principal's direction or by a specialist without supervision, (3) the skill required, (4) whether the principal or worker supplies the instrumentalities, tools, and place of work, (5) the length of time for which the services are to be performed, (6) the method of payment, whether by time or by job, (7) whether the work is part of the principal's regular

business, and (8) whether the parties believe they are creating an employer-employee relationship.

*Estrada v. FedEx Ground Package System, Inc.*, 154 Cal.App.4th 1, 10, 64 Cal.Rptr.3d 327 (2007) (noting that "there are a number of additional factors in the modern equation").

Here, the FAC alleges that plaintiff is an independent contractor. The FAC states, "At all times relevant herein, Plaintiff PEDRO V. YBARRA was employed by Placement Pros, a temp agency, and was working as an independent contractor for Defendant JOHN BEAN TECHNOLOGIES CORPORATION. . ." (Doc 13, FAC ¶8.) In the original complaint, plaintiff had alleged that he was a "employed by Placement Pros" and was working as a "temporary employee" for JBTC. (Doc.1, Complaint ¶8 (emphasis added).) The sole change between the original complaint and the FAC is that Mr. Ybarra now alleges he was working as "an independent contractor" for JBTC. (Doc. 13, FAC ¶8.)

Plaintiff argues that the Court must accept as true his allegation that he was an "independent contractor." On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir. 2009). Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified School Dist.,* 37 F.3d 517, 521 (9th Cir. 1994). Courts, however, are not bound to accept as true allegations that are legal conclusions, even if cast in the form of factual allegations. *See Ashcroft v. Iqbal*, 129 S.Ct. at 1951. Further, the district court is not required to accept as true allegations in an amended complaint that, without any explanation, contradict an earlier complaint. *See Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1329–1330 (9th Cir. 1981).

The allegation that Mr. Ybarra was an independent contractor is a conclusory allegation. Under California law, employment status is based upon numerous factors. See *S. G. Borello,* 48 Cal.3d at 349 and *Estrada v. FedEx Ground Package System, Inc.*, 154 Cal.App.4th at 10. Mr. Ybarra does not allege any facts related to the factors identified by California law to support his legal conclusion that he was an independent contractor. He does not allege the factual predicate for his legal conclusion that the relationship with JBTC was that of an independent contractor. Therefore, the Court does not accept as

4

true the allegation that Mr. Ybarra was an independent contractor because it is a conclusory legal allegation.

Further, the allegation that Mr. Ybarra was an independent contractor contradicts the prior allegation. The original complaint alleges Mr. Ybarra was a "temporary employee." The FAC alleges Mr. Ybarra was an "independent contractor." This appears to be contradictory language regarding plaintiff's employment status, without any explanation.

Plaintiffs must allege the factual support for the legal conclusion that he was an independent contractor. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted). *Twombly* does not require that plaintiffs prove their case or include every factual detail in support of their claims in their complaints. Rather, *Twombly* requires plaintiff to include sufficient facts supporting the allegation, beyond the conclusory allegation that he was an independent contractor. Leave to amend will be granted to state the factual support.

### C. Placement Pros Contract

Both parties rely upon the contract between Placement Pros and JBTC for their arguments. JBTC argues that the Placement Pros contract "states with particularity that JBTC had the requisite control over Mr. Ybarra to make him an employee." (Doc. 20, Reply p.3.) JBTC argues that the Placement Pros contract provides that Mr. Ybarra was "to perform his duties under the supervision and control of [JBTC's] designated supervisors . . ." (Doc. 20 Reply p.3, citing Doc. 16-2 Placement Pros contract ¶8Biii.) Mr. Ybarra points to the language in the Placement Pros contract which states that "all Supplier placements performing Services pursuant to this Agreement are employees of the Supplier and not employees of JBT." (Doc. 16-2, Placement Pros Paragraph 8(B)(I).)

The Placement Pros contract was not attached to the complaint. Typically, the court cannot consider material outside the complaint, such as facts presented in briefs, affidavits or discovery materials. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (extraneous evidence should not be considered in ruling on a motion to dismiss). Documents not

physically attached to the complaint, however, may be considered by the court on a Rule 12(b)(6) motion, if the complaint refers to such document; the document is "central" to plaintiff's claim; and no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds in Galbraith v. County of Santa Clara* 307 F.3d 1119, 1127 (9th Cir. 2002)).

The Placement Pros contract fits the parameters for consideration by the Court. The Placement Pros contract is central to plaintiffs' claims. Both parties have relied upon the same Placement Pros contract with JBTC. Each party relies upon different provisions to argue their respective positions of (1) independent contractor, or (2) employee. Plaintiff impliedly refers to the Placement Pros contract in this FAC. Thus, the Court may review the Placement Pros contract although it is not attached physically to the FAC.

The Court finds that the determination of whether plaintiff was under JBTC's "supervision and control" such that he was an employee of JBTC is a factual question which cannot be resolved on a motion to dismiss. An independent contractor is subject to some measures of supervision and control while on the premises of another. While plaintiff alleges that there was supervision and control of his work while on JBTC's premises, it is plausible that such supervision and control was under an independent contractor relationship. The factual determination, which is necessary in this case, is inappropriate for resolution in this motion. Further, the Placement Pros contract is not conclusive of the issue of employment status. Both parties have cited to the contract language which could support the position that plaintiff is an employee and which could support the position that plaintiff is an independent contractor. Accordingly, the Court cannot make the factual determination from the language of the contract.

/////
////
/////
/////
/////
/////

**CONCLUSION**

For the foregoing reasons, the motion to dismiss the first amended complaint is GRANTED with leave to amend in strict conformance with this order. Plaintiffs shall have 20 days from the date of service of this order to file an amended complaint.

IT IS SO ORDERED.

**Dated:     April 27, 2011**                          /s/ Lawrence J. O'Neill
                                                                     UNITED STATES DISTRICT JUDGE